IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KATHY NEEDS AND STEVE NEEDS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 04-2034 Ma/V |
| ) | |
| CREATIVE RESTAURANTS, INC., ) | |
| d/b/a CREATIVE RESTAURANT ) | |
| SERVICES / RUM BOOGIE CAFÉ, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This case arises from the slip and fall of Kathy Needs while leaving Rum Boogie Café on Beale Street in Memphis, Tennessee. (Compl. ¶ 1.) Before the court is defendant Creative Restaurants, Inc., d/b/a Creative Restaurant Services / Rum Boogie Café, Inc.'s ("Rum Boogie Café") motion for summary judgment, filed on January 4, 2005. Plaintiffs Kathy Needs and Steve Needs responded on February 3, 2005. For the following reasons, the court DENIES Defendant's motion for summary judgment.

I. Jurisdiction

The Needs are residents of the state of Idaho. (Compl. at Introduction.) Rum Boogie Café is a Tennessee corporation that owns and manages a restaurant in Memphis, Tennessee. (Id.) Kathy and Steve Needs seek $1 million in damages. (Id. at Conclusion.) This

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 4-4-05

court, therefore, has jurisdiction under 28 U.S.C. § 1332. The case arises from a slip and fall accident Kathy Needs suffered while at the Defendant's restaurant in Memphis, Tennessee. (Id. at ¶ 1.) Because the accident occurred in the Western District of Tennessee, venue is proper under 28 U.S.C. § 1391(a)(2).

## II. Background

The following facts are undisputed except where otherwise noted. On the evening of January 23, 2003, during a layover on a trip to Cancun, Mexico, Kathy Needs, her husband Steve Needs, and her brother-in-law Richard Venaglia visited Beale Street in Memphis, Tennessee. (K. Needs Dep. at 8-10.) The group started their evening on Beale Street at the Elvis Presley bar. (Id. at 10.) While at the Elvis Presley bar, Kathy Needs drank one beer. (Id. at 10-11.)

The group then went to the Rum Boogie Café, which they entered through the front or main door. (Id. at 12.) One step leads up to that door from the street. (Tucker Aff. at ¶ 6.) The Plaintiffs' expert Robert Driver described the step:

> The step at the time of the fall was one solid piece of stone worn down through decades of service in the historic building. . . . [T]he surface of the step is not level either left to right or back and forth, which would make a fall more likely to happen. . . . [T]here is no highlighted or adequately marked outer edge of the step. . . . [T]wo black strips [are attached to the outer edge of the step], which at night would make the edge of the step less visible. . . . [T]he two black strips would tend to confuse a person as to where the edge of the step was. With the step being essentially the same color as the sidewalk, looking down one would not see the edge of

2

> the step, particularly since it was worn in a slope.
>
> It is my opinion that the unsafe condition of the doorway and step as set forth above was negligent and that it proximately caused Mrs. Needs' fall and resulting injuries. . . . The [hazardous sloping] and other hidden irregularities was not apparent to the casual observer/user of this step.

(Driver Aff.) The Defendant's expert Jack Tucker also described the step and surrounding doorway:

> The lighting at the Rum Boogie Café is adequate for patrons entering and exiting the premises. The step up to the Rum Boogie Café is in accordance with all applicable Memphis City Ordinances and Building Codes. . . . The step leading into the Rum Boogie Café is constructed of a gritty non slip surface. It is slightly sloping as is the sidewalk in front of it. The condition is consistent with many of the older buildings in Memphis and does not create a hazardous condition. The natural worn condition of the existing step is common and comfortable. There are no sudden interruptions to the movement of the foot in a normal step, which does not violate any ordinances or building codes.

(Tucker Aff.)

Kathy Needs had a second beer in the Rum Boogie Café. (K. Needs Dep. at 12.) After spending 45 minutes at the Rum Boogie Café the group left the restaurant through the front door. (Id.) As Kathy Needs left the restaurant she slipped on the step and fell to the ground. (Id. at 12-13.) The step was not icy or wet. (Id. at 14.) Kathy Needs testified that because the step and the sidewalk below it were the same color and texture, and because she was blinded by the bright lights outside the restaurant, she was unable to see the step as she left the restaurant. (Id. at 21.) There was no "step down" or other warning sign in place when Kathy Needs

fell. (Id at 39.)

After falling, Kathy Needs was helped back inside the Rum Boogie Café where she was given ice for her ankle and another beer. (Id. at 17-18.) She and her group then preceeded to another bar on Beale Street. (Id. at 18.) Kathy Needs did not seek any medical treatment in Memphis or during her week-long stay in Cancun, Mexico. (Id. at 22-23.)

Kathy Needs filed suit on January 21, 2004, alleging that negligence on the part of Rum Boogie Café caused her "serious and disabling injury, loss of earnings, ability to earn and pain and suffering, medical and related expenses." (Compl. at ¶ 4.) Steve Needs also brings a claim for "loss of consortium, society, and services." (Id. at ¶ 5.)

### III. Choice of Law

A federal district court is required to apply the "choice of law" rules of the state in which it sits. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Cole v. Mileti, 133 F.3d 433, 437 (6th Cir. 1998). "Otherwise the accident of diversity of citizenship would constantly disturb equal administration of justice in coordinate state and federal courts sitting side by side." Klaxon, 313 U.S. at 496. Therefore, this court must apply the Tennessee rule to determine which jurisdiction's law to apply.

For tort claims, Tennessee follows the "most significant relationship" rule, which provides that "the law of the state where the injury occurred will be applied unless some other state has a

4

more significant relationship to the litigation." Hataway v. McKinley, 830 S.W.2d 53, 59 (Tenn. 1992). The injury occurred in Tennessee, and both parties assume that Tennessee law applies. No party alleges that another state has a more significant relationship to the litigation. The court will, therefore, apply Tennessee law.

**IV. Summary Judgment Standard**

Summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "bears the burden of clearly and convincingly establishing the nonexistence of any genuine issue of material fact, and the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986). The moving party can meet this burden, however, by pointing out to the court that the respondents, having had sufficient opportunity for discovery, have no evidence to support an essential element of their case. See Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989).

When confronted with a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. A genuine issue for trial

5

exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party opposing the motion must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

The nonmoving party may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, the nonmoving party must present "concrete evidence supporting its claims." Cloverdale Equip. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). The district court does not have the duty to search the record for such evidence. See Interroyal Corp. v. Sponseller, 889 F.2d 108, 110-11 (6th Cir. 1989); Street, 886 F.2d at 1479-80. Parties have the duty to point out specific evidence in the record that would be sufficient to justify a jury decision in their favor. Id.

## V. Analysis

Rum Boogie Café argues that summary judgment is appropriate in this case because "it is clear that Ms. Needs had a duty to watch out for an obvious danger. She slipped exiting the same step that she had entered forty-five minutes earlier. The step was not wet or icy and Ms. Needs had been consuming alcohol." (Id. at 5.)

First, there is no basis for granting summary judgment in this case based on the fact that Kathy Needs had been consuming alcohol the night she was injured. In Tennessee, a plaintiff may recover in

6

a negligence action "so long as a plaintiff's negligence remains less than the defendant's negligence. . . ." <u>McIntyre v. Balentine</u>, 833 S.W.2d 52, 57 (Tenn. 1992). The Rum Boogie Café has offered no evidence showing what effect the two beers Kathy Needs consumed had on her ability to walk or navigate steps at the time of her injury. Consequently, the court has no basis for determining whether Kathy Needs' own negligence was more to blame for her injury than the negligence of the Rum Boogie Café.

The Defendant also argues that it owed no duty to Kathy Needs because the danger posed by the step was "obvious." In Tennessee, an owner or operator of a piece of property owes no duty to visitors on that property for injuries sustained due to an "open and obvious" danger if "the danger was known and appreciated by the plaintiff, [] the risk was obvious to a person exercising reasonable perception, intelligence, and judgment, and [] there was [no] other reason for the defendant to foresee the harm. . . ." <u>Coln v. City of Savannah</u>, 966 S.W.2d 34, 42 (Tenn. 1998) A risk of harm that is foreseeable and unreasonable imposes a duty on a defendant even if the risk is "open and obvious." <u>Id.</u>

Kathy Needs has presented the testimony of Robert Driver, an expert witness, who found that the risk presented by the step was not obvious: "[t]he [hazardous sloping] and other hidden irregularities [of the step] was [sic] not apparent to the casual observer/user of this step." (Driver. Aff.) In a motion for summary judgment, the court must take all facts alleged by the party opposing the motion as true. Whether the risk was open and obvious

7

is a question for the jury. Accordingly, summary judgment in this case is inappropriate.

## VI. Conclusion

For the foregoing reasons, Defendant's motion for summary judgment is DENIED.

So ORDERED this 1st day of April 2005.

_____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 18 in case 2:04-CV-02034 was distributed by fax, mail, or direct printing on April 4, 2005 to the parties listed.

---

J. Kimbrough Johnson
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main St.
Ste. 2900
Memphis, TN 38103--552

Michael W. Whitaker
WHITAKER LAW FIRM
P.O. Box 1024
Covington, TN 38019

Rory A. Jones
LAW OFFICE OF RORY A. JONES
P.O. Box 1097
Boise, ID 83701

Honorable Samuel Mays
US DISTRICT COURT