b

FILED
J-46302
05 APR 15 PH 3: 2

ROBERT R. DI TRIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE

KATHY NEEDS and STEVE NEEDS,

    Plaintiffs,

v.

    No. 04-20-34 MI V

CREATIVE RESTAURANTS, INC.,
d/b/a CREATIVE RESTAURANT
SERVICES/RUM BOOGIE CAFÉ, INC.

    Defendant.

## ~~PROPOSED~~ JOINT PRE-TRIAL ORDER

**COME NOW** the parties, by and through their counsel, and respectfully submit the following proposed joint pre-trial order to the Court for approval in this case.

## I. JURISDICTION AND VENUE

It is stipulated by the parties that jurisdiction and venue are proper in this Court.

## II. PENDING MOTIONS

There is currently pending before the court, a motion for summary judgment submitted by the defendant and supported by affidavit. Said summary judgment motion is based on defendant's belief that Ms. Needs is over 50% at fault for her own injuries and therefore cannot recover under Tennessee law. The defendant relied on the testimony of Ms. Needs at her deposition in support of the motion as well as an affidavit from an expert architect which indicates the step at the Rum Boogie Café is in accordance with all applicable codes and permits. Plaintiffs have responded to the motion and want it denied on the basis that there are disputed issues of material fact created by the contradictory expert opinions. The plaintiffs have submitted two supplemental affidavits, one from their expert engineer, Robert Driver, and a second one from Ms. Needs as well as a memorandum in opposition to this motion.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _4-18-05_

1



Motions in Limine are to be filed prior to and argued on April 8, 2005 at the pre-trial conference. The parties further reserve the right to present motions in limine to exclude inappropriate or inadmissible evidence at the trial of this case.

## IV. SUMMARY OF CASE

Kathy and Steve Needs were visiting Memphis, Tennessee on January 23, 2003 on a layover on their way to vacation in Cancun. They picked Memphis because Kathy is interested in music and wanted to see the city. While in Memphis, the Needs and their in-law, Richard Venaglia, went to several bars in the Beale Street historic district including the Rum Boogie Café on January 23, 2003. The Rum Boogie Café is located in the Beale Street Historic District and as the building is over 80 years old, the stone step had worn down slightly towards it middle. While at the Rum Boogie, Ms. Needs had her second alcoholic drink of the evening and when they left Kathy Needs fell on the step as she exited the restaurant. There is one step up at the entrance of the Rum Boogie. Ms. Needs exited through the same entrance that she entered. Ms. Needs did not go to see a doctor until a week after she returned from vacation to Cancun. Kathy Needs has filed suit to recover for the damages she claims resulted from her fall. Her husband Steven Needs is a plaintiff for the loss of consortium and companionship of his wife Kathy.

## V. CONTENTIONS OF THE PARTIES

### A.   Plaintiff's Contentions:

The Needs contend that the Rum Boogie Café maintained an unsafe and dangerous condition which directly lead to her fall and resulting injuries. They maintain that the entrance/exit to the Rum Boogie Café was unsafe for the following reasons:

1.   The stone step was worn and uneven.
2.   The edges of the stone step were worn off.
3.   The surface of the step was not level either left or right or back and forth.
4.   That the black strips on the edges of the step show wear of long duration and are colored so they are difficult to see at night.
5.   The floor surface on both sides of the door were not at the same elevation.
6.   There was no sign warning Ms. Needs that a step down was about to occur.
7.   She was leaving a dark restaurant to a street with bright neon lights with no indication of a change in elevation.

Kathy Needs claims to have suffered the following special damages: medical expenses, including doctors, medical care facilities, pharmaceutical costs, physical therapy, diagnostic tests and treatment in the sum of $38,759.26. Additional out of pocket medical expenses paid for by the Needs themselves in the amount of $2,108.41; and lost wages of $16,361.65 calculated as follows:

2

| 7/29/03 – 1/26/04 | 1040 hrs x $24.50/hr<br><short term disability (60%)> | $ 25,552.80<br>< 11,331.65> |
|---|---|---|
| | **TOTAL** | **$10,221.12** |
| 1/26/04 – 3/13/04 | 240 hr x $24.57/hrs<br><long term disability (2/3)> | $  5,896.80<br>< 3,931.20> |
| | **TOTAL** | **$  1,965.60** |
| | Lost vacation hrs @ $20/month<br>170 hrs x $24.57/hr | $  4,176.90 |
| | **TOTAL LOST WAGES** | **$ 16,363.62** |

Kathy Needs also claims entitlement to compensation for general damages. Steve Needs claims entitlement to general damages for the loss of the care, comfort and consortium of his wife Kathy Needs.

## B. Defendant's Contentions:

The Defendant denies that the Rum Boogie Cafe was guilty of any negligent act or omission which was the proximate cause of any harm or injury to the Plaintiff and they specifically deny that the step or lighting at the entrance of the Rum Boogie Café created a dangerous condition.

The Defendant contends that Ms. Needs was over 50% at fault when she fell on the same step she entered the bar after consuming at least two drinks of alcohol. Therefore the Defendant contends that it is not liable for Ms. Needs' injuries. Ms. Needs failed to observe what was there to be seen and failed to exercise reasonable and ordinary care under the circumstances. Further the Defendant contends that Ms. Needs' neck and back problems are not related to her fall at the Rum Boogie Café. She did not seek medical attention for any back injury until over several months after the initial fall.

Defendants maintain that the naturally worn condition of the step is common in an older city and comfortable. The texture of the surface is a non-slip texture. Its slope has worn consistently with the parallel sidewalk. The building codes cited by adverse expert would not apply with the force of law as they do not apply to historic buildings. The exterior width of the step is also of normal condition. Beale Street is well lit and given that Ms. Needs had been to at least one other bar on the street prior to going to the Rum Boogie, she was well aware of the lighting conditions on Beale Street. The lighting at the exit of the Rum Boogie is adequate for safety purposes.

## VI. CONTESTED ISSUES OF FACT

By the Plaintiffs:

The contested issues of fact primarily center on the issue of liability. Kathy Needs contends that she was exercising due and ordinary care for herself and that she fell because the exit to the Rum Boogie Café was maintained in an unsafe and inherently dangerous condition about which she had no warning. Defendant contends that Ms. Needs failed to exercise due care for herself and that her fall was her own responsibility.

The other primary disputed issue of fact centers on a herniated disc and the resulting surgery at C4-5 and C5-6 where 2 disks were removed and the remaining disks fused together. Kathy Needs and her treating physicians' Drs. Botimer and Jutzy maintain that this injury and resulting treatment was a direct result of her fall at the Rum Boogie Café on January 23, 2003. Defendant denies that the herniated disc and treatment therefore are causally related to Ms. Needs fall on January 23, 2003.

By the Defendant:

The Defendant denies that the Rum Boogie Cafe was guilty of any negligent act or omission which was the proximate cause of any harm or injury to the Plaintiff and they specifically deny that the step or lighting at the entrance of the Rum Boogie Café created a dangerous condition. The Defendant contends that Ms. Needs use of alcohol likely impaired her senses. Therefore, the Defendant denies any liability in this matter. Further, defendant denies that it was in violation of any applicable ordinances or codes that apply to historic districts. Finally, Defendant denies that Ms. Needs fall caused the degenerative injury to her neck and back or any responsibility for the injury to her ankle.

## VI. CONTESTED ISSUES OF LAW

There are no contested issues of law at this time.

## VII. STIPULATIONS

The parties stipulate as to the authenticity of Ms. Needs medical records and bills.

Per this stipulation, the Defendant does not agree that all the medical treatment was related to her fall at the Rum Boogie.

4

## VIII. **EXHIBITS**

The parties reserve the right to use all exhibits otherwise admissible which were identified in any deposition and all documents produced and answers provided by the parties in response to Request for Production of Documents and Interrogatory Answers except as otherwise ordered by the Court. In addition, the parties reserve the right to submit additional exhibits for use with rebuttal.

A.  **Plaintiff**:

Plaintiff intends to introduce the following exhibits at the trial of this matter:

1.   Photographs of the entrance to the Rum Boogie Café,
2.   Medical records for the following health care providers: Ronald Jutzy; Saltzer Medical Group, including Drs. Gary Botimer and Andrea Thompson, Mercy North Rehabilitation Services, St. Alphonsus Regional Medical Center,
3.   Blue Cross explanation of benefits detail and summary,
4.   Summary of Kathy Needs' medical bills,
5.   Summary of Kathy Needs' out of pocket medical expenses,
6.   Documents related to Kathy Needs' disability claim,
7.   Photographs of Kathy Needs taken shortly after surgery,
8.   Photographs taken by the Needs during their January 2003 vacation,
9.   Kathy Needs personal journal,
10.  Summary of Kathy Needs' pharmaceutical expenses,
11.  MRI and radiological reports for Kathy Needs,
12.  Photographs of the entrance to the Rum Boogie Café taken on various dates and from, at various times of day, and of different aspects of the entrance.

B.  **Defendant Rum Boogie Cafe**
1.   Photographs of the entrance to the Rum Boogie Café and Beale Street.
2.   Photographs of other historic buildings in Memphis downtown area.
3.   Applicable Building Codes for Rum Boogie Café.
4.   Applicable permits for the Rum Boogie Café
5.   CV Dr. Rodney Feild
6.   CV Mr. Jack Tucker
7.   Photographs of Kathy Needs trip to Cancun
8.   All medical records and bills related to care of Kathy Needs.
9.   Letter of April 12, 2003 from Steve Needs to Rum Boogie Café.
10.  Chart showing timeline of Ms. Needs medical care.
11.  All exhibits listed by the plaintiff.

The Defendant objects to Plainitiff's exhibits #4, #5. and #10 above as not being admissible evidence

## VII.   WITNESSES

### A.   Plaintiff

Plaintiffs' Witnesses
Plaintiff will call the following witnesses:

Steve Needs, Kathy Needs and Richard Venaglia.  They will also call by deposition which has been videotaped, in which defense counsel participated by video conference, Dr. Gary Botimer (60 minutes) and Dr. Ronald Jutzy (90 minutes).  Finally, Plaintiffs will call their liability expert, Robert Driver.
In addition, Defendant has identified a medical expert.   Plaintiffs' counsel understands that he will be made available for deposition.  Until then, Plaintiffs are not in a position to identify objections to the expert's proposed testimony.

Deposition testimony as identified above, the testimony of two treating physicians, Drs. Botimer (60 minutes) and Dr. Jutzy (90 minutes) will be presented by video for consideration by the jury.

### B.   Defendant Rum Boogie Cafe.,

Defendant Witnesses

Defendant will call the following witnesses:

1.     Carson Lamm

2.     Jason Lucas

Defendant may call the following witnesses:

1.     Dr. Rodney Field-Expert in Neuorsurgery will be presented by video for consideration by the jury.

2.     Jack Tucker –Architect-Expert related to code requirements, safety, architecture and historic buildings/districts.

3.     Witnesses identified by the Plaintiffs.

6

The parties reserve the right to call additional witnesses for impeachment and rebuttal purposes or any witnesses listed by the other party. However, any witness listed as a "will call" witness by a party need not be subpoenaed by the other party to attend the trial.

## X. **JURY INSTRUCTIONS**

Parties' Proposed Instructions

T.P.I.   1.01   BEFORE VOIR DIRE

T.P.I.   1.02   AFTER VOIR DIRE AND BEFORE TRIAL

T.P.I.   1.03   USE OF JUROR NOTES

T.P.I   2.01   EVIDENCE

T.P.I   2.02   DIRECT AND CIRCUMSTANTIAL EVIDENCE

T.P.I   2.03   WEIGHING CONFLICTING TESTIMONY

T.P.I   2.06   DEPOSITION TESTIMONY

T.P.I.   2.07   INTERROGATORIES

T.P.I   2.20   CREDIBILITY OF WITNESS

T.P.I   2.21   DISCREPANCIES IN TESTIMONY

T.P.I.   2.22   WITNESS WILLFULLY FALSE

T.P.I   2.30   EXPERT TESTIMONY--DETERMINATION OF WEIGHT

T.P.I.   2.31   HYPOTHETICAL QUESTION

T.P.I   2.40   BURDEN OF PROOF--PREPONDERANCE OF EVIDENCE

T.P.I   3.20   DEFINITION OF LEGAL CAUSE

T.P.I  3.50   COMPARATIVE FAULT, THEORY AND EFFECT

T.P.I  3.51   COMPARATIVE FAULT BASIS OF COMPARISON

T.P.I  9.01   DUTY OF OWNERS, OCCUPANTS OR LESSORS OF PROPERTY

T.P.I.  9.02   PREMISES-UNSAFE CONDITION

T.P.I.  9.05   PLAINTIFF'S DUTY OF CARE

T.P.I  14.01   COMPENSATORY DAMAGES—INTRODUCTION

T.P.I  14.10   PERSONAL INJURY--PAIN AND SUFFERING

T.P.I.  14.11   MEDICAL EXPENSES

T.P.I.  14.13   LOSS OF EARNING CAPACITY

T.P.I.  15.01   RESPECTIVE DUTIES OF JUDGE AND JURY

T.P.I.  15.02   INSTRUCTIONS TO BE CONSIDERED AS A WHOLE

T.P.I.  15.03   STATEMENTS OF COUNSEL--EVIDENCE STRICKEN OUT-- INSINUATIONS OF QUESTIONS

T.P.I.  15.04   ORDINARY OBSERVATIONS AND EXPERIENCES

T.P.I.  15.11   ALL INSTRUCTIONS NOT NECESSARILY APPLICABLE

T.P.I.  15.12   USE OF JUROR NOTES (AFTER TRIAL)

T.P.I.  15.15   HOW JURORS SHOULD APPROACH THEIR TASK

T.P.I.  15.16   EACH JUROR SHOULD DELIBERATE AND VOTE ON EACH ISSUE TO BE DECIDED

T.P.I.  15.17   INSTRUCTIONS AS TO UNANIMOUS VERDICT

T.P.I.  15.18   CHANCE OR QUOTIENT VERDICT PROHIBITED

T.P.I.  15.19   QUESTIONS DURING DELIBERATIONS

8

T.P.I.   15.20   CONCLUDING INSTRUCTION

APPENDIX B p. 515-516 T.P.I. JURY VERDICT FORM with line 5 added that states as follows: " If, above you have found Ms. Needs less than 50% at fault, set out the amount of damages, if any, to Steve Needs that have been proven by a preponderance of the evidence. $ _____.

## XII.  ESTIMATED LENGTH OF TRIAL

This case is set to be tried by a jury beginning on April 18, 2005 at 9:30 a.m.  It is expected that the trial will last three days.

## XIII.  SETTLEMENT PROSPECTS

None at this time.

## XIV.  SPECIAL REQUEST

The only special equipment Plaintiffs will need is to play a DVD of depositions of Drs. Botimer and Jutzy. The Defendants will utilize this equipment as well to play the deposition of Dr. Feild.

Finally, with regard to the pretrial conference, Idaho counsel for the Plaintiffs seeks leave of Court to participate therein by telephone; or, in the alternative, for the appearance of Mr. Whittaker to satisfy the Court's expectation that the parties' counsel be present at the pretrial conference.

IT IS SO ORDERED, this _____15th_____ day of April 2005.

_____
Judge Samuel Mays, Jr.

*THOMASON, HENDRIX,*
*HARVEY, JOHNSON &*
*MITCHELL*
2900 One Commerce Square
Memphis, TN 38103

By: _____

J. Kimbrough Johnson (B.P.R.7953)
Joseph Clark (B.P.R. 18590)
Matthew C. Hardin (B.P.R. 21505)
Attorneys for Defendant
40 South Main Street
2900 One Commerce Square
Memphis, TN 38103
(901) 525-8721

_____

Michael Whittaker
Attorney for Plaintiffs
120 East Court Square
P.O. Box 1024
Covington, TN 38019
(901) 476-1200

_____

Rory Jones (2934)
Attorney for Plaintiffs
225 North 9th Street, Suite 820
P.O. Box 1097
Boise, Idaho 83701
(208) 331-1170

10

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 22 in case 2:04-CV-02034 was distributed by fax, mail, or direct printing on April 18, 2005 to the parties listed.

---

Michael W. Whitaker
WHITAKER LAW FIRM
P.O. Box 1024
Covington, TN 38019

Joseph M. Clark
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main St.
Ste. 2900
Memphis, TN 38103--552

Rory A. Jones
LAW OFFICE OF RORY A. JONES
P.O. Box 1097
Boise, ID 83701

J. Kimbrough Johnson
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main St.
Ste. 2900
Memphis, TN 38103--552

Matthew C. Hardin
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main St.
Ste. 2900
Memphis, TN 38103--552

Honorable Samuel Mays
US DISTRICT COURT